IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ALEXANDER RODRIGUEZ-          :
CELAYA,                                              :
            Petitioner                   :
                                :   CIVIL NO. 1:CV-14-0514
     vs.                                            :
                                  :
ATTORNEY GENERAL OF THE          :       (Judge Caldwell)
UNITED STATES, *et al.*                    :
          Respondents                 :

M E M O R A N D U M

I.   *Introduction*

On March 18, 2014, Petitioner, Jose Alexander Rodriguez-Celaya, an ICE detainee at the York County Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention while he contests his removal from the United States.  Petitioner is a citizen and native of El Salvador.  He entered the United States illegally in 1989 and has never been a legal resident of the country.

Petitioner has been in ICE custody since February 8, 2013, a period of about thirteen months on the filing date of the petition and about seventeen months at the date of this writing.  Petitioner believes that the length of his detention has been unreasonable and requests that we order ICE to give him a bond hearing before an

immigration judge so that he can be released while his removal proceedings are decided.[1]

II.   *Background*

We provide some background.  Petitioner is a native and citizen of El Salvador who entered the United States on November 11, 1989, in Del Rio, Texas, without being inspected by an immigration officer, and was apprehended entering the United States again on January 27, 1990.  (Doc. 10-2, ECF pp. 5-6).  On May 2, 1992, Petitioner was issued an order to show cause and notice of hearing, notifying him that he was subject to deportation for having entered the country illegally without inspection.  (*Id.*, ECF p. 13).

On May 19, 1994, Petitioner pled guilty in Travis County, Texas, to two offenses: (1) burglary of a vehicle, committed on December 21, 1992 (*id.*, ECF p. 16); and (2) unauthorized use of a motor vehicle, committed on March 12, 1994 (*id.*, ECF p. 18).  He was sentenced to three years' imprisonment on each offense.  (*Id.*, ECF pp. 16, 18).

On July 3, 1995, another order to show cause and notice of hearing was issued, notifying Petitioner that he was subject to deportation for illegal entry without

---

[1]   Respondents argue that Mary Sabol, the prison warden, is the only appropriate respondent in these habeas proceedings and that the other respondents should be dismissed from the action.  We agree.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717-18, 159 L.Ed.2d 513 (2004)(the petitioner's immediate custodian should be named as the respondent)(citing 28 U.S.C. §§ 2242 and 2243).  We will therefore dismiss the other respondents, the Attorney General of the United States, and Thomas Decker, an ICE field office director, from this action.

inspection and also for conviction of a crime involving moral turpitude (burglary of a vehicle) committed within five years of entry and with a sentence of one year or longer. (*Id.*, ECF pp. 38-40).  On July 13, 1995, Petitioner was released from custody on bond. (*Id.*, ECF p. 42).  A hearing was scheduled for August 21, 1995, but by order of January 9, 1996, an immigration judge terminated the proceedings.  (*Id.*, ECF p. 45).

On October 24, 2007, Petitioner was found in the Williamson County Jail after his arrest by local authorities for evading arrest.  (*Id.*, ECF p. 56).  On March 7, 2008, he was released to an ICE detainer.  (*Id.*).  On the same day, he was served with a Notice of Intent to Issue a Final Administrative Removal Order, notifying him that he was to be removed from the United States for having committed an aggravated felony as defined in Section 101(a)(43)(G) of the INA, 8 U.S.C. § 1101(a)(43)(G), burglary of a vehicle.  Petitioner did not contest removal, and on the same day a final removal order was entered based upon his commission of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii).  (*Id.*, ECF p. 61).

On the same day, Petitioner was removed from the United States and again on September 16, 2009.  (Doc. 10-2, ECF pp. 65, 69).  He illegally re-entered the United States in or about October 2009 at or near Sasabe, Arizona.  (*Id.*, ECF p. 65).

On February 17, 2010, Petitioner was released from the Travis County Jail to an ICE detainer.  (Id., ECF p. 565).  On March 3, 2010, he was notified that the March 7, 2008, order of removal was reinstated, and he chose not to make a statement to contest the order.  (Doc. 10-3, ECF p. 1).

-3-

Petitioner subsequently pled guilty in the United States District Court for the Western District of Texas to the offense of re-entry of a removed alien in violation of 8 U.S.C. § 1326.  (Doc. 10-3, ECF p. 2).  On June 7, 2010, he was sentenced to forty-one months of imprisonment.  (*Id.*, ECF p. 3).  On February 8, 2013, he was released into ICE custody from his federal sentence.  (Doc. 8, Ptr.'s Brief, p. 4).

On April 15, 2013, Petitioner was served with a Notice of Intent to Issue a Final Administrative Removal Order, notifying him that he was deportable under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), in that he was convicted of aggravated felonies as defined in Section 101(a)(43)(O) and (G) of the INA, 8 U.S.C. § 1101(a)(43)(O) and (G).  (Doc. 10-3, ECF p. 10).  The notice mentioned the June 7, 2010, conviction for re-entry of a removed alien under 8 U.S.C. § 1326, which qualifies under subsection (a)(43)(O), and the May 19, 1994, conviction for unauthorized use of a motor vehicle, allegedly fitting the definition of a theft offense as defined in subsection (a)(43)(G).  (*Id.*, ECF p. 12).  Petitioner indicated at that time that he wished to contest his deportability and to request withholding or deferral of his removal to El Salvador.  (*Id.*, ECF p. 11).  On April 15, 2013, the final removal order was issued.  (*Id.*, ECF p. 13).

On July 31, 2013, a hearing was held on Petitioner's request for withholding.  (Doc. 10-3, ECF p. 15, hearing transcript).  Petitioner told the immigration judge that he wished to pursue an application for withholding of his removal and for protection under Article 3 of the Convention against Torture.  (*Id.*, ECF p.18).  The government's counsel advised the court that because Petitioner felt he had been held in

-4-

ICE custody too long, and because the government knew what the ground for relief would be, the government would agree to a hearing date on the merits without a two- or three-week delay.  (*Id.*, ECF p. 19).  The immigration judge scheduled the hearing for August 15, 2013, in order to "get [his] case moving as quickly as possible."  (*Id.*, ECF p. 26).

On August 15, 2013, a second hearing was held on the request for withholding.  (Doc. 10-3, ECF p. 27).  At this hearing, Petitioner requested release on bond, and the immigration judge advised him that because he was ordered deported twice before, the court did not have bond jurisdiction.  (*Id.*, ECF p. 31).  The immigration judge offered to go ahead and order his removal or to hold another hearing, and Petitioner requested the hearing because it would give him more time to gather information to support his request for withholding of removal.  (*Id.*, ECF p. 31-32).  The hearing was scheduled for October 22, 2013.  (*Id.*, ECF p. 30).  On August 16, 2013, the government filed a notice of readiness and objection to continuances in the case.  (Doc. 10-3, ECF p. 14).

At the next hearing on October 22, 2013, (Doc. 10-3, ECF p. 33), the immigration judge denied the application for withholding of removal.  (Doc. 10-3, ECF pp. 91-92; Doc. 10-4, ECF p. 1).  The immigration judge also denied Petitioner's request for bond redetermination because the court lacked authority to redetermine his custody status.  (Doc. 10-4, ECF p. 18).

Petitioner appealed the denial of his application for withholding of removal to the Board of Immigration Appeals (BIA).  On February 26, 2014, the BIA affirmed the immigration judge's decision and dismissed the appeal.  (Doc. 10-4, ECF p. 19).

In the meantime, on May 7, 2013, Petitioner had filed an appeal with the Third Circuit, apparently an appeal of the April 15, 2013, order of removal.  (Doc. 10-4, ECF p. 33, Third Circuit  docket).[2]  On July 22, 2013, the court issued an order referring the government's motion to dismiss the appeal to the merits panel and granting Petitioner's motion for a stay of removal.  On March 5, 2014, the court appointed counsel to submit an amicus curiae brief on the case.  The brief was also to address: (1)  whether the conviction for re-entry of a removed alien constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(O); and (2) whether the conviction for the unauthorized use of a motor vehicle constitutes an aggravated felony as defined in section 1101(a)(43)(G).  By order dated June 16, 2014, the amicus curiae brief was due by July 28, 2014.

III.   *Discussion*

The parties first contest which subsection of 8 U.S.C. § 1226 governs Petitioner's detention.  Petitioner contends he is being detained under section 1226(a), and the Respondent warden  contends he is being detained under section 1226(c).  Section 1226(a) provides for discretionary detention.  The "alien may be arrested and detained pending a decision on whether the alien is to be removed from the United

_____

[2]  See Doc. 8, Ptr.'s Brief, ECF p. 5).

-6-

States." § 1226(a).  ICE may also release him on bond.  § 1226(a)(1) and (2).  On the other hand, section 1226(c) provides for mandatory detention for aliens who have committed aggravated felonies.  Specifically, section 1226(c)(1)(B) requires detention for any alien "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C0, or (D) of this title . . . ."

As noted, the April 15, 2013, notice of removal states that Petitioner is removable under section 1227(a)(2)(A)(iii), in that he was convicted of the offenses of re-entry of a removed alien and unauthorized use of a motor vehicle, with these offenses defined in 8 U.S.C. § 1101(a)(43)(O) and (G) as aggravated felonies.  The first conviction qualifies under subsection (a)(43)(O),[3] and the second seems to fit within the definition of a theft offense as defined in subsection (a)(43)(G).

It would thus appear that section 1226(c) applies.  However, Petitioner asserts that his offenses do not qualify as aggravated felonies.  We disagree.  Petitioner makes no argument as to why the offense of re-entry of a removed alien does not qualify as an aggravated felony.  As to the offense of unauthorized use of a motor vehicle, the record does not support his claim (Doc. 8, ECF pp. 9-10) that he was not sentenced to three years' imprisonment on that offense.

We conclude that Petitioner's detention is under section 1226(c).  Detention pursuant to section 1226(c) is mandatory at the beginning of the removal period, *Diop v.*

---

[3]  Subsection (a)(43)(O) defines an offense under section 1326 as an aggravated felony.

-7-

*ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011), but only for a reasonable amount of time. *Id.* at 231. At some point, the length of detention may become unreasonable. *Id.* at 232. If it does, due process requires a bond hearing to determine if continued detention is necessary to prevent flight or a danger to the community. *Id.* at 232, 235. The reasonableness of detention is a fact-dependent inquiry. *Id.* at 233. Reasonableness "must take into account a given individual detainee's need for more or less time, . . . the exigencies of a particular case, [and] errors in the proceedings that cause unnecessary delay." *Id.* at 234. An alien cannot be held responsible for delays "caused by his pursuit of bona fide legal challenges to his removal." *Leslie v. Attorney General*, 678 F.3d 265, 271 (3d Cir. 2012). An alien subject to mandatory detention is typically detained only for a month and one-half to five months. *Diop*, 656 F.3d at 233. "[T]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." *Id.* at 234.

In the instant case, Respondent argues that the length of Petitioner's detention is still within the reasonable range and hence no bond hearing is required. In support, she points out that the government did not seek any delays in the case and in fact on August 16, 2013, filed its notice affirming that it was ready to proceed and would object to any continuances. Second, any delay was caused by Petitioner's pursuit of withholding of removal. This added about three months to his detention for the time between the July 31, 2013, hearing and the October 22, 2013, hearing where the

immigration judge denied withholding.  It also added another three months for Petitioner's

appeal to the Third Circuit and the Circuit's grant of a stay of removal.  Respondent

contend that any delay was either favorable to Petitioner or necessary for the proper

administration of the proceedings.

Additionally, Respondent discusses the time spent on the pending appeal.

She notes that each side received a thirty-day extension and that one delay occurred

during a government shutdown.  She also notes that supplemental briefing has been

ordered on the two offenses and from this concludes that the appeal should be "nearing

its conclusion."  (Doc. 10, ECF p. 19).

We disagree with Respondent.  First, we do not know what Respondent

means about delays that were favorable to Petitioner, and the Third Circuit has said that

delays caused by bona fide legal challenges to removal should not count against a

detainee.  Second, delays for the proper administration of proceedings are taken into

account by the recognition that the typical removal period is a month and one-half to five

months.  Finally, all of the delays in the appeal to the Third Circuit essentially occurred at

the same time Petitioner was pursuing his withholding claim, so any delay in the appeal

has no bearing on the reasonableness of the length of detention.

In the court's view, the only period of delay that should count here against

Petitioner is the three months he spent pursuing an unsuccessful attempt at withholding

of removal.  That makes the length of delay about fourteen months as of the writing of

this memorandum.  Periods of detention in excess of one year raise constitutional

concerns.  *Chavez-Alvarez v. Sabol*, No. 12-CV-2130, 2014 WL 257357, at *6 (M.D. Pa. Jan. 22, 2014).  Further, we disagree with Respondent that the Third Circuit appeal is nearing its completion.  The amicus brief in the appeal is due by July 28, 2014.  We can anticipate further briefing and some delay in the Third Circuit's consideration of the case. *Id.* at *5 (one factor to be considered on the length of delay is the probable extent of future removal proceedings).  We also find it significant that the Third Circuit requested an amicus brief on whether Petitioner's offenses are aggravated felonies.  *Cf. Chavez-Alvarez*, 2014 WL 257357, at *5 (one factor to be considered on the length of delay is the "likelihood that removal proceedings will actually result n removal").

        We will therefore order that Petitioner receive a bond hearing.


        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge


July 17, 2014

-10-